UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GABRIEL ELIAS LOBO QUINTERO,

Petitioner,

v.

TONYA ANDREWS, *et al.*,

Respondents.

Case No. 1:26-cv-05092-NW

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Re: ECF Nos. 1, 4, 9

Petitioner Gabriel Elias Lobo Quintero is an immigration detainee proceeding with a petition for writ of habeas corpus (ECF No. 1) and motion for a temporary restraining order (ECF No. 4). He argues that Respondents' failure to provide him with a prompt bond hearing under 8 U.S.C. § 1226(a) violates his due process rights under the Fifth Amendment. Respondents oppose relief, arguing that Petitioner may seek a § 1226(a) bond hearing at any time, and has not exhausted his administrative remedies by failing to do so. The Court agrees that Petitioner is entitled to a prompt bond hearing under §1226(a), and that Petitioner has not yet exhausted this administrative remedy.

**I.      BACKGROUND**

Petitioner is a native of Venezuela who entered the United States on December 20, 2017, on a non-immigrant tourist visa. ECF No. 9 at 9. Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") on May 13, 2026 following a traffic stop. *Id*. At the time of his arrest, Petitioner was presented with a form titled "Notice of Custody Determination" which included a section for Petitioner to "request an immigration judge [to] review [] his custody determination," and sign. *Id*. at 15. According to Respondents, Petitioner refused to complete this form and sign it. *Id*. at 2.

United States District Court
Eastern District of California

## II.    DISCUSSION

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies'" unless exhaustion is excused. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)).  Both parties agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which entitles him to a bond hearing. *See* ECF No. 9 at 5; ECF No. 12 at 2.  But Respondents argue that Petitioner has failed to exhaust his administrative remedies because he refused to sign a form presented to him at the time of his arrest to request this hearing.  ECF No 9 at 2–4.  "Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'"  *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting N*oriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Circ. 2003)).

Two of the three *Puga* factors weigh in Respondents' favor here. As to the first, agency expertise is not needed to reach a proper decision, as both parties already agree Petitioner is entitled to a bond hearing per § 1226(a).  *See Hernandez Burruel v. Murray*, No. 1:25-CV-01569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025) (finding first *Puga* factor weighed in petitioner's favor where both parties agreed he was entitled to § 1226(a) hearing).  But as to the second factor, "the Ninth Circuit has held that Section 1226(a) provides facially constitutional procedures, and petitioner has not established at this point that those procedures would be constitutionally inadequate as applied to him" given that he has not yet sought a bond hearing. *Ngugi v. Lyons*, No. 1:25-CV-01783-KES-EPG, 2026 WL 35610, at *3 (E.D. Cal. Jan. 6, 2026).

The third *Puga* factor—whether administrative review will likely allow the agency to correct its own mistakes—also counsels requiring Petitioner to exhaust his administrative remedy of requesting a § 1226(a) bond hearing prior to seeking habeas relief.  It is undisputed that Petitioner is entitled to a prompt bond hearing under § 1226(a), and requiring him to exhaust this

2

administrative remedy through the immigration court would allow "the agency to correct its own mistakes" and may "preclude the need for judicial review." *Puga*, 488 F.3d at 815.

As respondents concede that Petitioner is entitled to a § 1226(a) bond hearing, and Petitioner has had, and continues to have, the opportunity to request a hearing in his immigration proceedings, it would be premature to find that this administrative remedy would be futile. Further, the Court cannot find that the government has unduly delayed in scheduling such a hearing when Petitioner has not yet sought one. If the § 1226(a) bond hearing procedures are applied to Petitioner in an unconstitutional manner, or if, despite Respondents' representations, the immigration court fails to promptly conduct such a hearing upon request, Petitioner may seek habeas relief for any such deprivation.

## III.    CONCLUSION AND ORDER

For the foregoing reasons, Respondents' Motion to Dismiss is GRANTED and the petition for writ of habeas corpus is dismissed without prejudice. Petitioner's Motion for a Temporary Restraining Order is DENIED. The clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: July 21, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California

3